UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KERRY BUCHANAN, JANI LEE
FERRELL and PATRICIA
ESPINOSA,

    Plaintiffs,

v.                                                                  Case No: 2:15-cv-59-FtM-29CM

CAPTAIN DOUG'S BOAT TOURS,
LLC and JOHN STEVEN
MARKLEY,

    Defendants.

## ORDER

Before the Court are Plaintiffs' Motion to Amend Complaint (Doc. 26), Plaintiffs' Amended Motion to Amend Complaint (Doc. 28) and Plaintiffs' Motion for Default Against Defendant John Steven Markley (Doc. 29). Defendant Captain Doug's Boat Tours ("Captain Doug's") responded to Plaintiff's Amended Motion to Amend Complaint. Doc. 30. Plaintiffs' Motion to Amend Complaint (Doc. 26) is denied as moot as Plaintiff filed an amended motion requesting the same relief.

Plaintiffs filed a complaint against Defendants on January 13, 2015. Doc. 1. The next day, Plaintiffs filed an Amended Complaint (Doc. 4) to correct the last name of one of the Plaintiffs. Doc. 28 at 4. On May 22, 2015, Attorney Richard McAlpin, of the law firm McAlpin Conroy, PA ("McAlpin Conroy"), filed an Answer and Affirmative Defenses (Doc. 15) on behalf of Captain Doug's. Attorney Tyler J. Tanner also of McAlpin Conroy later filed an appearance on behalf of Captain Doug's.

Subsequently, Attorney Tanner and McAlpin Conroy moved to withdraw as counsel for Captain Doug's stating that although they filed an answer on behalf of Captain Doug's, they do not represent Captain Doug's and do not have the authority to represent it. Doc. 21 at 2. Attorney Tanner elaborated he represents Everglades Airboat Resorts, LLC which is the legal entity that operated the airboat tour known as "Captain Doug's Airboat Tours." *Id.* at 1. This was the airboat tour actually involved in the subject accident. *Id.* Although, Attorney Tanner and McAlpin Conroy represent the entity which actually operated the subject airboat tour, that entity is not named in the suit. *Id.* at 1-2. In Attorney Tanner's motion to withdraw, Attorney Tanner also moved to strike the answer and affirmative defenses he filed on behalf of Captain Doug's. *Id.* at 2.

Plaintiffs responded in opposition to the motion to withdraw stating that they were unclear as to the nature of the problem between defense counsel and Captain Doug's because the parties had been communicating for over 15 months regarding this incident. Doc. 22 at 3-4. Additionally, Plaintiffs were unclear as to how Defendant, defense counsel or the insurer could not recognize that the alleged tortfeasor was incorrect. *Id.* at 3. Moreover, Plaintiffs alleged that withdrawing or striking the answer and affirmative defenses would effectively result in a dismissal of this case because the statute of limitations may have passed in order for the Plaintiffs to now file against the correct Defendant. *Id.* at 5. Thus, the undersigned held a hearing on Attorney Tanner's motion to withdraw. Doc. 24.

During the hearing, Attorney Tanner clarified that he and his firm represent the legal entity involved in the incident but not Captain Doug's. Considering the circumstances, the Court denied the motion to withdraw without prejudice to allow Plaintiffs to file the appropriate motion to name the proper parties. Doc. 25.

Plaintiffs now move for leave to amend their amended complaint to add/substitute any responsible parties. Doc. 28 at 5. As grounds, Plaintiffs allege that the corporate Defendant informed them that the true responsible parties are: Everglades Airboat Management, LLC, a Florida Limited Liability Company, Everglades Airboat Resorts LLC, a Florida Limited Liability Company, and Everglades Airboats and Swamp Buggies, LLC, a Florida Limited Liability Company. *Id.* at 9. Plaintiffs, however, state that they have no way of confirming this information without discovery. *Id.* at 10.

Moreover, Plaintiffs state that they initially notified Captain Doug's of their claims for injuries on February 22, 2012. *Id.* at 3. Email communications between defense counsel, Craig Liszt,[1] and Plaintiffs' first counsel, Shiloh Daum, allegedly demonstrate that the claim was being investigated since that time. *Id.* at 3. An insurance adjuster participated in investigating and adjusting Plaintiffs' claims. *Id.* at 2-3. Plaintiffs state that only now has defense counsel notified them that someone other than the named Defendant is the responsible party. *Id.* at 3. Thus, Plaintiffs seek leave to amend their amended complaint to add the responsible parties. *Id.* at 8. Plaintiffs also request that the amended complaint relate back to the date

---

[1] Attorney Liszt no longer is employed by McAlpin Conroy. Doc. 28 at 3.

Plaintiffs filed their original complaint. *Id.* Additionally, Plaintiffs request that the Court allow Plaintiffs to proceed with discovery into the circumstances surrounding the identification of the responsible entities. *Id.* Finally, Plaintiffs request that the Court continue to deny Defendant's motion to withdraw as counsel until discovery can be engaged. *Id.*

Defense counsel filed a response noting that he does not have authority to represent Captain Doug's but in light of the Order (Doc. 25) denying without prejudice counsel's request to withdraw, he filed a response on behalf of Captain Doug's. Doc. 30 at 1 n. 1. Defendant highlights that Plaintiffs' motion seeks to add parties rather than substitute parties because the proposed amendment names the two existing defendants, adds three new defendants, and asserts separate claims of negligence against each defendant. *Id.* at 1. Additionally, "Captain Doug's maintains that it was not the owner or operator of the airboat tour or airboat on which Plaintiffs' alleged incident occurred, and Captain Doug's had no ownership interest or control over the entities that owned or operated the airboat tour or airboat. Therefore, it should not be a defendant in this matter." *Id.* at 2. Captain Doug's states that the claims against it are the same as those set forth in the amended complaint; therefore, it takes no position with regard to Plaintiffs' request to join three additional defendants. *Id.* Defense counsel also notes, "Plaintiffs' motion [ ] presents briefing on the relation back doctrine and equitable tolling. Those arguments are not applicable to Captain Doug's and therefore not addressed in this response. However, if this Court permits the complaint to be amended again to add three new defendants,

those defendants would likely disagree with Plaintiffs' analysis and would be entitled to address that argument." *Id.* at 2 n. 2.

Rule 15(a) of the Federal Rules of Civil Procedure provides that amendment of a complaint after a responsive pleading has been served, absent written consent of the adverse party, requires leave of court, but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend generally is granted unless there is a significant reason for the amendment's denial. *Pioneer Metals, Inc. v. Univar USA, Inc.*, 168 F. App'x 335, 337 (11th Cir. 2006). Permissible reasons justifying denial are "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [,and] futility of amendment.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The district court may also consider whether undue prejudice to the *movant* will result from denying leave to amend." *Bamm, Inc. v. GAF Corp.*, 651 F.2d 389, 391 (11th Cir. 1981) (emphasis added).

At this stage of the proceedings, the Court finds good cause to allow the amendment. The Court notes that no Case Management and Scheduling Order has been entered in this matter because the deadline for the parties' to file the Case Management Report has been stayed until the issues regarding the naming of the proper Defendant(s) are resolved. Doc. 25 at 2. Thus, Plaintiffs' motion is timely. Additionally, Captain Doug's does not oppose Plaintiffs' request to add new Defendants. Accordingly, the Court grants Plaintiffs' Amended Motion for Leave to Amend.

The Court also will lift the stay of the deadline to file the Case Management Report. The parties shall have up to and including **February 4, 2016** to meet to prepare the Case Management Report. The parties shall have up to and including **February 18, 2016** to file the Case Management Report with the Court.

At this time, the Court declines to address Plaintiffs' request that the second amended complaint relate back to the date the original complaint was filed. The Court agrees that the three prospective defendants are entitled to respond and fully brief their positions on the issue.

The Supreme Court has stated that when the court grants leave to amend to add an adverse party, Rule 15 governs the time for response, and that opportunity to respond is fundamental to due process. *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466 (2000) (holding that it was a violation of due process to allow an amendment of a pleading and amend judgment without allowing the adverse party time to respond). "[A] prospective party cannot fairly be required to answer an amended pleading not yet permitted, framed, and served." *Id.* at 467.

Here, Plaintiffs request that the Court not only allow them to amend their complaint but also that the second amended complaint relate back to the date the original complaint was filed. This request directly concerns the three prospective defendants. Those defendants are entitled to respond to Plaintiffs' request. Thus, the Court will deny without prejudice Plaintiffs' request that the second amended complaint relate back to the date of filing of the original complaint. The Court will

permit Plaintiffs to file a renewed motion for relation back after the prospective defendants have been properly served.

Finally, the Court will address Plaintiffs' Motion for Default Against Defendant John Steven Markley.  Plaintiffs request that the Court enter a default against Markley for failure to respond to the complaint.  Doc. 29 at 2.  Plaintiffs allege that Markley was served on June 15, 2015 and to date has failed to respond to the complaint.  *Id.*  Thus, pursuant to Rule 55, Plaintiffs request a default.  *Id.*  Because the Court is granting Plaintiffs' request to amend the amended complaint, the Court will deny Plaintiffs' request for default against Markley for failure to respond to the amended complaint.

"As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Paylan v. Bondi*, 2015 WL 5759933 *2 (M.D. Fla. 2015) (internal citation omitted). In *Paylan*, the defendant move to set aside a default that was entered for failure to respond to the original complaint because the amended complaint relieved his obligation to respond to the original complaint.  *Id.* at *1.  The court agreed stating that it was within the defendant's procedural rights to choose not to answer the original complaint because the response deadline was relieved by the amended pleading.  *Id.* at *2.

Here, Plaintiffs' seconded amended complaint names John Steven Markley as a Defendant and asserts a negligence claim against him.  Doc. 28-7.  This second amended complaint will supersede the amended complaint and relieve Markley's

obligation to respond to the amended complaint. Thus, Plaintiffs' motion for default against Markley is denied.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiffs' Motion to Amend Complaint (Doc. 26) is **DENIED as moot**.

2. Plaintiffs' Amended Motion to Amend Complaint (Doc. 28) is **GRANTED in part**.

3. The Clerk is directed docket Plaintiffs' Second Amended Complaint (Doc. 28-7) as a separate docket entry.

4. Plaintiffs' request that the Second Amended Complaint relate back to the date of filing the original complaint is **DENIED without prejudice**. Plaintiffs are permitted to file a renewed motion after the added defendants have been properly served.

5. The Court also will lift the stay of the deadline to file the Case Management Report. The parties shall have up to and including **February 4, 2016** to meet to prepare the Case Management Report. The parties shall have up to and including **February 18, 2016** to file the Case Management Report with the Court.

6. Plaintiffs' Motion for Default Against Defendant John Steven Markley (Doc. 29) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of December, 2015.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record