UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KERRY BUCHANAN, JANI LEE and
PATRICIA ESPINOSA,

    Plaintiffs,

v.   Case No:   2:15-cv-59-FtM-29CM

CAPTAIN DOUG'S BOAT TOURS,
LLC, JOHN STEVEN MARKLEY,
EVERGLADES AIRBOAT
MANAGEMENT LLC,
EVERGLADES AIRBOAT
RESORTS LLC. and
EVERGLADES AIRBOATS AND
SWAMP BUGGIES, LLC,

    Defendants.

## ORDER

Before the Court is Defendants' Everglades Airboat Management, LLC and Everglades Airboat Resorts, LLC (hereinafter "Defendants") Joint Motion to Compel Plaintiff's Answers to Discovery (Doc. 57), filed on April 7, 2016.  For the reasons set forth below, Defendants' motion is denied is moot.

On April 7, 2016, Defendants filed the present motion seeking to compel Plaintiffs to respond to their First Set of Interrogatories and First Request for Production that were propounded on February 25, 2016.  Doc. 57 at 1.  Plaintiffs have responded that they now have provided responses to the propounded discovery. Doc. 60 at 1.  Thus, it appears that the parties have resolved the issues raised in the motion.  Accordingly, the motion now is moot.

The Court notes, however, the Defendants have requested reasonable attorneys' fees and costs. Doc. 57 at 3. Defendants request that the Court award attorneys' fees and costs pursuant to Rule 37(a)(5)(A), Federal Rules of Civil Procedure. Doc. 130 at 4. Rule 37(a)(5)(A) states that if a motion to compel discovery is granted or the discovery is provided after the motion is filed, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses unless the movant filed the motion before attempting in good faith to obtain the disclosure, the opposing party's nondisclosure was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Here, Plaintiffs filed their responses after the motion to compel. Thus, the Court must award attorney's fees and costs unless one of the enumerated exceptions applies.

When a party makes a claim for fees, it is the claimant's burden to establish entitlement and document the appropriate hours and hourly rate. *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). It is the burden of the fee applicant to submit specific details of the work performed. *Gray v. Novell, Inc.*, 2012 WL 3871872 *3 (M.D. Fla. 2012) (citing *Florida Patient's Compensation Fund v. Rowe*, 472 So2d. 1145, 1150 (Fla. 1985)). When the documentation is inadequate, the fee award may be reduced accordingly. *Hensley*, 461 U.S. at 433. "Although counsel is not required to record in great detail how each minute of his time was expended, 'the general subject matter of the time expenditures

ought to be set out with sufficient particularity so that the district court can assess the time for the claimed activity.'"  *Id.* at *7 (quoting *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d. 1292, 1303 (11th Cir. 1988)).

Here, Defendants have provided no information detailing the amount of attorneys' fees and costs claimed, the specific work performed, the hourly rates for the billing professionals on the file, and evidence to support the hourly rates claimed. Thus, the Court will take this portion of the motion under advisement.  Defendants may submit supplemental briefing of no more than five (5) pages along with detailed billing records and evidence supporting the hours and rates claimed, on or before close of business on **April 25, 2016**.  Plaintiffs filed no objection to Defendants request for attorneys' fees and costs in their response to the motion to compel.  The Court, however, will allow Plaintiffs to respond Defendants' request for attorneys' fees and costs.  Plaintiffs are permitted to file a response of no more than five (5) pages no later than close of business on **April 26, 2016** discussing Defendants' entitlement to attorneys' fees and costs, and the reasonableness of the requested amount.  The parties should be prepared to discuss this matter during the hearing on **April 27, 2016**.

The hearing also will proceed as to Defendants' Joint Motion to Compel Plaintiffs' Depositions (Doc. 54).

ACCORDINGLY, it is hereby

**ORDERED:**

Defendants' Joint Motion to Compel Plaintiff's Answers to Discovery (Doc. 57) is **DENIED as moot**. Defendants' request for attorneys' fees and costs is **TAKEN UNDER ADVISEMENT**. Defendants shall have up to and including close of business on **April 25, 2016** to submit supplemental briefing of no more than five (5) pages along with evidence supporting their request for attorneys' fees and costs. Plaintiffs are permitted to file a response of no more than five (5) pages no later than close of business on **April 26, 2016.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 22nd day of April, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record